FILED
 2015 May-20 PM 05:14
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JANICE LUYON TOLBERT,** | } |
| | } |
| Plaintiff, | } |
| | } |
| v. | } Case No.: 2:14-mc-02051-AKK |
| | } |
| **RESURGENT CAPITAL** | } |
| **SERVICES, and SUSAN GAINES,** | } |
| | } |
| Defendants. | } |

## **MEMORANDUM OPINION**

This matter is before the court on Defendants' Motion to Withdraw the Reference. Doc. 1. For the reasons discussed below, the court will deny the motion.

### I.   BACKGROUND

Plaintiff Janice Luyon Tolbert filed for Chapter 13 bankruptcy protection on October 22, 2013. Doc. 1-6 at 1. On February 10, 2014, Resurgent Capital Services, acting as agent of Merrick Bank, filed a proof of claim. Doc. 4-1 at 2, 4. The proof of claim listed an unsecured amount of $553.48 and a charge off date of May 26, 2005. Doc. 4-1 at 4. Plaintiff filed this adversary proceeding in the Bankruptcy Court asserting only violations of the Fair Debt Collection Practices Act ("FDCPA"). Doc. 1-1 at 3–5. Defendants move the court to withdraw the

reference and relieve the Bankruptcy Court of jurisdiction pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011. Doc. 1.

## II.    DISCUSSION

District courts possess "original and exclusive jurisdiction of all cases under title 11" of the Bankruptcy Code. 28 U.S.C. § 1334(a) (2012). District courts are permitted, however, to refer all cases to the bankruptcy court to the extent that they arise under Title 11, arise in Title 11, or relate to a case under Title 11. 28 U.S.C. § 157(a) (2012). This court has entered such a general order of reference. *See Bank United v. Manley*, 273 B.R. 229, 234 n.10 (N.D. Ala. 2001).

The reference that applies to this Chapter 13 case, however, is not absolute because 28 U.S.C. § 157(d) provides for its withdrawal under limited circumstances, either as a mandatory matter or as a permissive matter. The district court is required to withdraw a proceeding "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d).

Some courts, citing the statute's plain language, have held that withdrawal is required if any consideration of a non-Title 11 federal law is necessary to a resolution of the dispute. *See, e.g., In re Kiefer*, 276 B.R. 196, 199 (E.D. Mich. 2002). Most courts, however, have found that "'withdrawal should be granted only

2

if the current proceeding could not be resolved without substantial and material consideration of the non-Code federal law.'" *Birgans v. Magnolia Auto Sales*, Case No. 5:12-mc-03830-CLS, 2012 WL 6000339, *2 (N.D. Ala. Nov. 30, 2012) (quoting *Matter of Vicars Ins. Agency, Inc.*, 96 F.3d 949, 952 (7th Cir. 1996)); *Abrahams v. Phil-Con Services, LLC*, Case No. 2:10-cv-00326-WS-N, 2010 WL 4875581, *2 (S.D. Ala. Nov. 23, 2010). This is the approach taken by all of the district courts within the Eleventh Circuit that have considered the issue. Under this approach, for withdrawal to be warranted, "'the issues in question [must] require more than the mere application of well-settled or "hornbook" non-bankruptcy law; significant interpretation of the non-Code statute must be required.'" *Abrahms*, 2010 WL 4875581 at *2 (quoting *Vicars*, 96 F.3d at 953).

This court, in line with the other courts in this circuit, will follow the latter approach. The FDCPA is undisputedly a non-Title 11 federal law impacting interstate commerce, particularly when the use of an "instrumentality of interstate commerce" is a definitional requirement for regulation under the statute. 15 U.S.C. § 1692a(6) (2012). Whether withdrawal is required, then, turns on whether substantial and material consideration of the FDCPA will be necessary to the resolution of the dispute.

Plaintiff points to the Eleventh Circuit's recent holding in *Crawford v. LVNV Funding, LLC*, and argues that the court's inquiry will not require substantial and

3

material consideration of the FDCPA because the Eleventh Circuit has decided the issue. Doc. 3 at 4–5. In *Crawford*, the Eleventh Circuit held that the filing of a proof of claim to collect a stale debt in a Chapter 13 bankruptcy violates the FDCPA. 758 F.3d 1254, 1256 (11th Cir. 2014). The *Crawford* plaintiff sued LVNV regarding the exact same conduct as in this case—filing a proof of claim for a time-barred debt. *Id*. at 1257. LVNV moved to dismiss the adversary proceeding, asserting that the FDCPA does not forbid its alleged conduct. *Id*. The bankruptcy and district courts agreed with LVNV, but the Eleventh Circuit reversed and remanded. *Id*. The circuit court unequivocally held that "[t]he FDCPA's broad language, our precedent, and the record compel the conclusion that defendants' conduct violated a number of the Act's protective provisions." *Id.*

Undeterred by that holding, Defendants present two arguments attempting to establish that, even in light of *Crawford,* substantial and material consideration of the FDCPA is required to resolve Plaintiff's claims. First, Defendants contend that "the issue before the Eleventh Circuit [in *Crawford*] was the sufficiency of the pleadings under a Rule 12(b)(6) motion, and not the ultimate merits of the case." Doc. 4 at 4. According to Defendants, because the appellate opinion in *Crawford* was not a final determination on the merits, and as the Eleventh Circuit purposefully did not resolve certain initial issues (but left those for the district court to rule upon), *Crawford* cannot be relied upon for a withdrawal analysis

under the FDCPA. This court disagrees because Defendants' argument does not properly account for the Eleventh Circuit's plain language in *Crawford*.

In its *Crawford* decision, the Eleventh Circuit expressly held that the filing of a proof of claim to collect a stale debt in a Chapter 13 bankruptcy violates the FDCPA. *Id.* at 1256. The procedural posture of that case does not change the fact that it is binding precedent. A Rule 12(b)(6) motion presents a proper vehicle for the resolution of a question of law. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989) ("When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate … ."). While factual issues remained in *Crawford* and warranted a remand of the action for further proceedings (instead of remand for an entry of judgment), 758 F.3d at 1262, this posture in no way detracts from the precedential value of the Eleventh Circuit's resolution of the underlying legal issues and, in any event, does not relieve this court from being bound by that analysis. Therefore, this court finds that Defendants' first argument, that *Crawford* cannot sufficiently guide this court's analysis to the same conclusion, is unavailing.

Defendants' second argument concerns the issue of whether the Bankruptcy Code preempts the FDCPA when creditors misbehave in the bankruptcy context. Doc. 4 at 6–8. This argument likewise fails.  First, Defendants have not directly raised the issue here and does not seek a ruling from this court on the issue.

Rather, Defendants merely argues that "the *Crawford* opinion produced disparities between the Bankruptcy Code and the FDCPA[,] and such disparities are complicated interpretive issues[] of first impression," which require "substantial and material" consideration of the FDCPA. Doc. 4 at 6 (internal quotation marks omitted). Thus, according to Defendants, whether the Bankruptcy Code "preempts" the FDCPA is an "*example* of a 'complicated interpretive issue [] of first impression.'" *Id*. (emphasis added) (internal quotation marks omitted). To be clear, Defendants explicitly state the matter is not before the court: "By presenting *Patrick*," a case that "addressed the preemption issue between the FDCPA and the Bankruptcy code . . . Plaintiff is in essence asking this court to rule on a matter not presently before it." Doc. 4 at 7.

The court is aware that at least one circuit has held that the Bankruptcy Code broadly precludes remedies under the FDCPA for actions taken in bankruptcy. *See Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 510 (9th Cir. 2002). And another court of appeals has held that the Bankruptcy Code precludes remedies under the FDCPA for wrongfully filed proofs of claim. *See Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 96 (2nd Cir. 2010). However, the court finds that the parties have not placed the preemption issue before the court at this juncture. Moreover, any analysis of the interplay between the Bankruptcy Code and the FDCPA will undoubtedly require a close look at the Bankruptcy Code, which, in actuality,

makes the bankruptcy court best situated to undertake that analysis (if a party raises the issue). Thereafter, the issue may be raised before this court on any appeal from the bankruptcy court's decision. As such, the court finds that mandatory withdrawal is not warranted at this time.

The second type of withdrawal contemplated by section 157(d) is permissive withdrawal.  When determining whether adequate cause exits to withdraw a case from bankruptcy court, a district court should consider: "(1) the advancement of uniformity in bankruptcy administration; (2) decreasing forum shopping and confusion; (3) promoting the economical use of the parties' resources; and (4) facilitating the bankruptcy process." *In re Childs*, 342 B.R. 823, 827 (Bankr. M.D. Ala. 2006).  Additionally, the court should consider: "(1) whether the claim is core or non-core; (2) efficient use of judicial resources; (3) a jury demand; and (4) prevention of delay." *In re Childs*, 324 B.R. at 827.

Defendants argue that Plaintiff's FDCPA claim is non-core, but the court is not persuaded.  Plaintiff's FDCPA claim is asserted in response to Defendants filing a proof of claim in her bankruptcy case, and would not exist but for that claim.  Moreover, this case is readily distinguishable from *In re Shortsleeve*, 349 B.R. 297 (M.D. Ala. 2006), on which Defendants rely.  The claims in that case arose after the debtor's bankruptcy was discharged, and not during the pendency of the bankruptcy proceedings; therefore, the claims could not "conceivably have an

7

effect on the estate being administered in bankruptcy." *Id*. at 300 (quoting *Miller v. Kemira, Inc., (In re Lemco Gypsum, Inc.*), 910 F.2d 784 (11th Cir. 1990)). If Plaintiff succeeds on her FDCPA claims in the instant case and receives a money judgment, without question the judgment will become an asset of the estate. *See In re Peed*, Case No. 1:09-bk-15486, 2014 WL 2987637 (Bankr. S.D. Ala. July 1, 2014). Thus, the court finds that the adversary proceeding is inextricably related to Plaintiff's bankruptcy.

### III. CONCLUSION

For the reasons stated above, Defendants' Motion to Withdraw the Reference, doc. 1, is due to be denied without prejudice. The court will enter a separate order consistent with this opinion.

**DONE** the 20th day of May, 2015.

 _____
 **ABDUL K. KALLON**
 UNITED STATES DISTRICT JUDGE